## Case No. 8,319.

### LEWIS v. BROADWELL.

[3 McLean, 568.] [1]

Circuit Court, D. Illinois.    June Term, 1847.

LIMITATION OF ACTIONS — EXCEPTION AS TO NON-RESIDENTS—REPEAL OF EXCEPTION—NO ADMINISTRATOR —ADMINISTRATION BY CREDITOR.

1. The act of limitations of Illinois of 1827 bars certain claims not prosecuted in sixteen years, but did not operate against non residents; but this exemption was repealed by the act of 1837. *Held* that, on a claim which had six years to run, the statute would operate.

[Cited in McElvain v. Mudd, 44 Ala. 48.]

2. To bar any claim, there must be a reasonable time for the statute to run after it is enacted.

3. Until administration granted, it is doubtful whether the statute can operate, as there is no one against whom suit could be brought.

[Cited in Doty v. Johnson, 6 Fed. 483.]

4. A creditor may administer, but is he bound to do so?

[Action by William Lewis against the administrators of Broadwell.]

Mr. Robbins, for plaintiff.
Logan & Lincoln, for defendant.

OPINION OF THE COURT. This is an action of covenant. The defendant pleads the statute of limitation of the 10th of February, 1827, which limits the action, brought by the plaintiff, to sixteen years. The plaintiff replies, that they are citizens of Ohio, and within the proviso of the seventh section, which declares, that non residents shall have sixteen years, within which to bring their action after coming within the state. To this replication, the defendants demur. By the act of the 11th of February, 1837, the above proviso, in favor of non residents, was repealed. And it is contended, that, until the proviso was repealed by this act, the statute did not begin to run, and that, consequently, until the lapse of sixteen years from that time, there can be no bar to the demand of the plaintiff. That the removal of the disability must, in effect, be the same as where a non resident against whom the statute does not run, comes within the state, from which time the statute begins to operate. There is plausibility in this argument, but we suppose the repealing clause must place the demand of the plaintiff on the same ground as if the act of 1837 had contained the provision, in regard to limitations, that is contained in the act of 1827, omitting the proviso as to non residents. On this hypothesis, ten years of the statute had run, from the time the right of action accrued to the plaintiff, and the question would arise. whether the statute would bar at the end of sixteen years from the time the action accrued, or from the enactment of the statute. in 1837. We suppose the statute, from its passage, would operate upon the right of the

[1] [Reported by Hon. John McLean, Circuit Justice.]

plaintiff, and would constitute a bar in six years, as that would be the time the statute had to run. This is the effect given to statutes of limitations on rights of action which had accrued before their passage. No court would give effect to a statute so as to bar claims for time elapsed before its passage; but where a reasonable time must elapse after the enactment, before the bar is complete, effect must be given to the statute. The demurrer to the replication is sustained.

With the leave of the court, the plaintiff filed another replication, which alleged that, in 1836, the first administrator on the estate of Lewis died, in Illinois, and no other administration was granted until 1843, and that during that time there was no one against whom suit could be brought, &c. To which the defendant demurred. In the case of Murray v. East India Co., 5 Barn. & Ald. 204, "In an action by an administrator upon a bill of exchange, payable to the testator, but accepted after his death, it was held, tnat the statute of limitations begins to run from the time of granting the letters of administration, and not from the time the bills become due, there being no cause of action until there is a party capable of suing." In Cary v. Stephenson, 2 Salk. 421, "An action of assumpsit, for money had and received, was brought against one who had received money belonging to the estate of the intestate, after his death, and before administration granted—the receipt being more than six years before the action, but the grant of the administration was within six years. The court held that the time of limitation did not begin to run until the grant of the administration." And, in the above case of Murray, Chief Justice Abbott said, "Now, independently of authority, we think it cannot be said, that a cause of action exists, unless there be also a person in existence capable of suing." When administration was granted, in 1836, the act of 1827 did not operate against the plaintiff, he being a non resident; and, from the repeal of that exemption by the act of 1837, up to the time of granting letters the second time, in 1843, there was no person against whom the action could be brought. It is not shown that the deceased had any heirs in Illinois. The statute of Illinois authorises a creditor to administer, but is he bound to do so? A failure to sue infants, it is admitted, is no excuse under the statute. On this point, Judge McLEAN suggested doubts whether the excuse of the plaintiff for not suing was not sufficient, and the district judge being of a different opinion, the question was certified to the supreme court, under the act of congress [5 Stat. 518].

[NOTE. This cause was taken, on a certificate of division in opinion, to the supreme court, where it was held by Mr. Justice Taney that "upon the first point in the certificate of division, that the statute of 1827 begins to run from the time of the repeal of the saving clause in 1837,

and not before; and will direct it to be so certified to the circuit court." 7 How. (48 U. S.) 780.]