Doty and others, Assignees, etc., *v.* Johnson and others, Administrators, etc.

*(District Court, N. D. New York. March 3, 1881.)*

1. STATUTE OF LIMITATIONS—DEBT OWING BANKRUPT—REV. ST. § 5057.

The limitation prescribed by section 5057 of the Revised Statutes, in relation to suits "between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or invested in such assignee," is applicable to an action brought by the assignee to collect a debt owing to the bankrupt.

2. SAME—ASSIGNEE DEBTOR TO BANKRUPT—REV. ST. § 5057.

Where, however, the debtor is the assignee of the bankrupt, the statute does not begin to run until the death of the assignee.

3. SAME—CO-ASSIGNEE—ESTOPPEL.

The representatives of such assignee are estopped from claiming, upon his death, that an action could have been maintained by his co-assignee within the time limited by the statute.

4. SAME—REPRESENTATIVES OF DECEASED ASSIGNEE—STATE STATUTE.

Suit must be brought against the representatives of such assignee within the time limited by section 5057, although under the provisions of a statute of the state of the deceased assignee the term of 18 months was not to be deemed any part of the time limited by law for the commencement of actions against his administrators.—[ED.

*Thos. Corlett,* for plaintiffs.

*W. C. Ruger,* for defendants.

WALLACE, D. J. The defendants maintain that the action is barred by the statute of limitations. I agree with the defendants that section 5057, U. S. Rev. St., which enacts "that no suit, either at law or equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee," is applicable to an action brought by the assignee to collect a debt owing to the bankrupt.

The later authorities in the federal courts are to this effect, and certainly every reason which can be advanced for a limitation of the kind applies with as much force to such a cause of action as to one brought to recover specific property. These authorities, as well as those which intimate a different view, are cited in *Walker, Assignee, etc.*, v. *Tanner*, 16 N. B. R. 285, where the limitation was applied to a cause of action like the present. See, also, *Foreman, Assignee*, v. *Bigelow*, 18 N. B. R. 457.

The statute, however, did not begin to run in Johnson's life-time, because he was one of the assignees of the bankrupt, and remained such assignee until his death. The statute of limitations is not intended to apply to claims for the recovery of which the party entitled thereto could not maintain an action. A party cannot be both plaintiff and defendant in an action at law. *Maffat* v. *Van Mulliger*, 2 Chitty, 539; 2 B. & P. 124; *Teague* v. *Hubbard*, 8 B. & C. 345. Accordingly it has been held that where money is lent by a *feme covert*, having a separate estate, to her husband, the statute does not begin to run against the debt until the death of the husband, for on account of the unity of the husband and wife the latter cannot sue the former. *Towers* v. *Hugner*, 3 Whart. (Pa.) 48.

Statutes of limitation do not extinguish the debt or claim; they only form a bar to the remedy of the party to recover it by action, and they can only operate upon the remedy from the time when the remedy is available. Therefore, a

statute of limitations does not run while there is no person against whom suit can be brought, as where, until administration has been granted, a statute of limitations does not operate upon a claim against the estate, because there is no one who can be sued. *Lewis* v. *Broadwell*, 3 McLean, 568.

Assuming, however, that Johnson's co-assignees could have maintained an action against him for the demand while he was assignee, his representatives are estopped from availing themselves of the defence. He was a trustee whose duty required him to enforce all claims existing in favor of the estate. He was responsible for any default of his co-assignees in this behalf, and could no more take advantage of their laches or misconduct than he could of his own misconduct in failing to bring an action that should have been brought. His administrators cannot avail themselves of a defence which he would not have been permitted to set up. This action was not brought until three years and over had expired after the administrators were appointed. I am constrained to hold that the statute of limitations began to run when the administrators were appointed and had qualified, and that the action is therefore barred.

The statutes of this state enact that the term of eighteen months after the death of any intestate shall not be deemed any part of the time limited by law for the commencement of actions against his administrators, and the plaintiffs insist that the period of eighteen months is not to be computed in applying the limitation. The answer to this argument is that the state statute does not prevent the bringing of an action against the administrators within the eighteen months. If it did in terms do this, the prohibition could not affect the right of a plaintiff to bring a suit, which the laws of congress authorize him to bring at any time. The laws of the United States are supreme within their constitutional limits, and a right which they confer cannot be abrogated or curtailed by state legislation. The bankrupt act, as a measure of policy to secure the speedy settlement of estates, authorizes a defendant to defeat an action if it is not brought within two years. No state could deprive him of this right, and thus

frustrate the policy of the bankrupt act, without invading the domain which belongs exclusively to a higher sovereignty. The state statute does not attempt to do this. It merely suspends the operation of its own statute of limitations.

Judgment is ordered for the defendant.